

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-16-1109

| | |
|---|---|
| JERMAINE C. HESTER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** June 21, 2017<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-14-183]<br><br>HONORABLE RANDY PHILHOURS, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's order revoking his probation. Appellant's counsel has filed a no-merit brief and a motion to withdraw pursuant to *Anders v. California*[1] and Arkansas Supreme Court Rule 4–3(k),[2] stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal. Appellant has failed to file pro se points for reversal. We affirm appellant's revocation and grant counsel's motion to withdraw.

On March 11, 2014, appellant was charged by information, in case No. CR-2014-183, with four counts of residential burglary, a Class "B" felony; one count of theft of

---

[1]386 U.S. 738 (1967).

[2](2011).

property, a Class "B" felony; one count of theft of property, a Class "C" felony; one count of theft of property, a Class "D" felony; and one count of theft of property, a Class "A" misdemeanor. On May 6, 2015, appellant entered into a negotiated plea of one count of residential burglary and one count of theft of property, a Class "B" felony, and was sentenced to five years' probation on the burglary charge and five years' suspended imposition of sentence (SIS) on the theft charge. Appellant signed "Conditions of Suspended Sentence or Probation," wherein he agreed, among other things, to ". . . pay all fines, court costs, and restitution . . . live a law-abiding life . . . not use marijuana . . . have no firearm in his possession . . . [and] cooperate with Probation Officer and report to him/her as directed[.]"

On March 31, 2016, the appellee filed a petition to revoke appellant's probation. The petition alleged that appellant had violated his probation by (1) failing to pay fines, costs and fees as directed; (2) failing to report to probation as directed; (3) failing to notify the sheriff and probation of his current address and employment; (4) failing to live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law; (5) testing positive for marijuana on July 23, 2015, and admitting to smoking marijuana on February 12, 2016; and (6) committing the new offense of possession of firearm on school property in case number CR-2016-265 on March 17, 2016.

At appellant's revocation hearing, the county collector testified that appellant was ordered to begin making fifty-dollar payments on June 4, 2015, but had not made a single payment and had not called her to discuss his court-ordered payments. Appellant's probation officer testified that she went over the conditions of appellant's probation with him; those conditions required that he report to his probation officer as directed. She testified that

appellant knew her phone number and that he should call if he was having a problem making an appointment; he never called.

Appellant's probation officer stated that appellant's reporting had been "kind of rocky[,]" noting that he had initially stopped reporting on August 20, 2015, only to report again on October 13 and 23, 2015, after which he again stopped reporting.[3] His reporting continued in this manner of missing appointments and then showing for one or two appointments only to miss appointments again. Appellant failed to report to a drug counseling assessment;[4] failed to report to two appointments with a drug counselor, though "he'd asked from [sic] help with marijuana use"; failed to report to his probation officer "at least five times"; tested positive for marijuana on May 6 and July 23, 2015; admitted marijuana use a week prior to reporting on February 12, 2016; and was arrested for possession of a handgun by a minor, which he admitted having.[5]

After his probation officer's testimony, appellant's hearing was continued for two days; he failed to appear at the opening of the hearing.[6] Appellant's counsel advised the circuit court that he had spoken with appellant on the day before trial and had the

---

[3]He also reported in January 2016.

[4]He reported thirty minutes late for a February 16, 2016 drug counseling assessment but was not seen because he had missed more than half of the hour allotted for the assessment.

[5]Appellant reported the arrest to his probation officer. The probation officer did not put the arrest in her violation report though she did not remember why she failed to do so; appellant had claimed he was "trying to protect, so to speak[.]"

[6]Appellant arrived at the hearing while testimony was being given.

understanding that appellant would be in court; he knew of no calamity having befallen appellant. He asked for a continuance; the motion was denied.

Officer Kevin Davon Jordon, Sr., a school resource officer with the West Memphis Police Department, testified to being notified by a high school assistant principal that he had overheard a student questioning appellant about a gun in his backpack. Appellant ended up in the assistant principal's office, where Jordon made contact with him; asked to search his backpack, to which appellant consented; and found a .380 handgun inside the backpack along with appellant's books.[7] Appellant initially denied knowing the gun was in the backpack, but eventually admitted that he had brought the gun because another student had threatened him; Jordon "never found anything to prove [appellant] was telling the truth."

Detective Martin Gill, also of the West Memphis Police Department, testified regarding his interview of appellant, a video of which was played in open court. Gill stated that appellant told him the event happened "down the street from the school, which is a well-travelled area" yet Gill never found any witnesses for the alleged event.

After Gill's testimony, appellant moved for a directed verdict asserting that there was no proof of delivery or receipt of the probation officer's appointment cards to support failure to report to probation as directed; there was no testimony to support failure to notify probation of his current address and employment; there was no evidence that appellant used marijuana during the term of his supervision to support a violation for using an illegal drug; and there was no evidence to establish that appellant purposely, knowingly, or recklessly

---

[7]There was no magazine or rounds in the gun or the backpack.

failed to live a law-abiding life—though he admitted that the statute is silent to the mental state required.[8] The motion for directed verdict was denied on all counts except failure to provide proof of employment.

Thereafter, appellant testified to paying his fines by mail on the day prior to giving his testimony. He denied having left the address he gave when he was first put on probation. He asserted that he did not know the gun was in his backpack—in corroboration with his mother's testimony that she hid the gun there without appellant's knowledge—but stated that he told police he did know about the gun because he was afraid of getting his mother in trouble. He admitted knowing his probation officer's number and that he was to call if he could not report, and admitted that he only called once out of the five times he failed to report. Finally, he stated that he makes $400 a week working with his father.

Following appellant's testimony, the circuit court found that it "[could not] believe anything" appellant told it and found that he had violated his probation by failing to pay anything on his fines, failing to report regularly, testing positive for the use of marijuana, being in possession of a firearm on school property, and being a felon in possession of a firearm. Appellant was sentenced to four years' imprisonment in the Arkansas Department of Correction. This timely appeal followed.

In compliance with *Anders* and Rule 4–3(k), counsel ordered the entire record and found that after a conscientious review of the record, there are no issues of arguable merit

---

[8]His directed verdict motion did not include appellant's failure to pay fines, costs, and fees, which he "[didn't] believe" would be a "proper motion at [that] time." He also did not think it proper to move for directed verdict on appellant's admission to using marijuana on February 12, 2016.

for appeal. Counsel's brief adequately covered each action that was adverse to appellant below, including the revocation. After carefully examining the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in criminal cases and conclude that the appeal is wholly without merit.

Affirmed; motion to withdraw granted.

HARRISON and VAUGHT, JJ., agree.

*Tyler C. Ginn*, for appellant.

No response.